McKinney, J.,
delivered the opinion of the court.
The complainant, Helen M. Yarborough, previous to her marriage with David Yarborough, (now deceased,) was the owner in fee of five-eighths of a tract of land in Giles county, estimated to contain five thousand acres ; and her husband David Yarborough, by purchase, became the owner of the other three-eighth parts of said tract.
During the marriage, and while the said tract of land remained undivided and held in common, said David Yarborough became embarrassed in his pecuniary circumstances, and to relieve himself, sold various parcels of said tract of land to different persons, in severalty, and the complainant, his wife, voluntarily joined with him in the conveyances;
*205 The conveyances thus made by them jointly, the complainant, Helen, now alleges, embraced more than her husband’s proportion of said tract; and that the proceeds, which amounted to a large sum of money, were received and applied by her husband exclusively to his own use, and to the payment of his debts ; no part thereof having been applied to her use or benefit, or received by her. She says in the bill, “ that to aid her husband, she from time to time joined him in said sales— regards the same as valid, and desires them all to stand; but claims compensation for her share, or five-eighths of the land so sold;” that is to say, she claims, not only her share of the part of the tract undisposed of, but also, to have decreed to her, out of the residue thereof, her Jive-eighths of the purchase money received by her husband for the lands sold as aforesaid.
David Yarborough died in 1841. By his will, he disposed of his interest in said land, and the devisees have joined with saidHe len M., as parties complainant, in submitting the question to the court, whether upon the foregoing state of facts, said Helen M. is entitled to the relief claimed by her. The de-visees, in the bill, set up no defense; no proof has been taken; and the question is to be decided upon the facts as stated by the complainants in the bill.
In this aspect of the case, is the complainant, Helen M., entitled to a decree for her proportion of the proceeds of the lands sold and conveyed by herself and husband ?
We think not. We perceive no distinction in principle, between this case and the case of Chester vs. Green, — 5 Hum. 26. In that case, Mi’s. Chester had joined her husband in the sale and conveyance of her real.estate: and it was insisted on her behalf, that she was entitled to charge her deceased husband’s estate with the value thereof, as against his creditors. But the court say, “If the wife consents to the sale of her real estate and joins her husband in a conveyance of it made according to the forms of law, without an understand *206 ing or agreement, that the proceeds are to be held or vested for her use, or that she is to be remunerated out of the estate of her husband, all her interest in the estate is gone, and the husband holds the consideration for which it was sold in his own absolute right, discharged from any claim of her’s paramount to his.”
The principle here announced is not affected by the fact, that in the case just cited, the estate was the freehold of the loife, and in the case under consideration, the husband and wife held as tenants in common. The case made in the bill is, in reality, a sale and conveyance of part of the wife's interest, in which she voluntarily joined and cannot, therefore, be said to differ essentially, in its facts, from Chester vs. Green, nor is it material to the principle, whether the question arise between the wife and the creditors of the husband, as in that case ; or between her and the husband’s representatives, personal or real, as in the present case.
There can be no question in the case before us, as to the wife’s right, had there been any agreement or understanding between her and her husband, that compensation should be made, or that he should be regarded as her debtor for the proceeds of her proportion of the land sold and conveyed b}' them. The sole difficulty is, that no such contract or agreement ever existed — none such is pretended to have been made. The question is as to the intention of the parties at the time of the transactions. If a gift were intended, it cannot now be converted into a debt, and that it was so intended and understood at the time, is the irresistible conclusion from the complainant’s own statement in the bill. The absence of any intimation that it was expected or intended to create the relation of creditor and. debtor, or to receive compensation in any mode, places this matter, we think, beyond all reasonable doubt.
It is, perhaps, going quite as far as either principle or *207 authority will warrant, to entitle the wife to enforce in equity an express contract or agreement entered into with her husband.
To allow her to constitute herself the creditor of her husband, or his of estate, after his death, by mere implication of law, unsupported by evidence of any such agreement or intention, would be, in our opinion, to establish a most impolitic and unwarranted precedent.
The staleness of this demand, too, cannot escape notice. True, no statute of limitation is set up as a defence in this case, as perhaps might well enough have been done, regarding the wife as occupying the relation she has assumed — that of a creditor of her deceased husband’s estate; nevertheless, upon this hypothesis, the delay to assert such a demand, if founded upon actual contract, or just expectation, should have been in some way excused.
We fully assent to the doctrine now so well settled, in regard to the capacity of the wife, in equity, to deal with her husband, in respect to her separate property. We admit, likewise, the very ample jurisdiction of a court of equity in cases of partition, between tenants in common, to make all proper compensatory adjustments to settle all the various equitable rights and claims of the co-tenants, and to do equal and complete justice between them. But we are not prepared to admit that the case of the husband and wife, who are tenants in common, stands in all respects upon precisely the same ground with that of persons standing in a different relation to each other. Presumptions and implications of law might well enough be held to arise in the latter case, that might be repelled in the former, from the mere relation of the parties.
The decree of the Chanceller will be revised and modified.